[No. 766.   Decided June 30, 1893.]

ANDREW WEYMOUTH, GEO. COOPER AND H. L. BLANCHARD, *Appellants*, v. PORT TOWNSEND SOUTHERN RAILROAD COMPANY, *Respondent*.

APPROPRIATION OF COUNTY ROAD — ACTION BY COUNTY FOR DAMAGES — PLEADING.

In an action against a railroad company, under §1570, Gen. Stat., to recover the cost of relocating and opening a portion of a county road alleged to have been appropriated by the company, the complaint fails to state a cause of action, when its only allegation of damage is "that the expense of relocating and opening that portion of the road so destroyed and appropriated by defendant as aforesaid is and *will be* the sum of thirty thousand dollars."

*Appeal from Superior Court, Jefferson County.*

*R. E. Moody*, for appellants.

*Andrew F. Burleigh*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—This was an action brought by the county commissioners of Jefferson county against the Port Townsend Southern Railroad Company to recover the sum of thirty thousand dollars, being the alleged expense of relocating and opening a portion of the county road alleged to have been destroyed and appropriated by respondent. It is conceded by both appellants and respondent that this action was brought under the provisions of the statute, and that the statute is exclusive, and therefore from that standpoint we will discuss it.

The complaint alleges the location and construction of the railroad upon the track occupied by the county road, and alleges the destruction of the county road thereby for about four miles. The allegation with reference to the damage is as follows: "That the expense of relocating and opening that portion of the road so destroyed and appropriated by defendant as aforesaid is and will be the sum of thirty thousand dollars," and judgment is prayed for in that sum. There is no allegation that the road has been relocated or opened, or that any expense has been incurred. At the time of the trial the defendant objected to the introduction of any evidence in support of the complaint because the complaint did not state a cause of action against the defendant, and because the suit was not brought in the corporate name of the county. The objection was sustained by the court, and the cause was dismissed.

It is only necessary for the final determination of this cause to notice the objection that the complaint does not state facts sufficient to state a cause of action. The statute, §§ 1569 and 1570, Gen. Stat., provide for the appropriation of lands by a railway company, and the latter part of § 1570 reads as follows:

"*And provided further*, That if such corporation locate the bed of such railroad or canal upon any portion of the

track now occupied by any established territorial or county road, said corporation shall be responsible to the county commissioners of said county or counties in which said territorial or county road so appropriated is located, for all expenses incurred by said county or counties, in relocating and opening the portion of said road so appropriated.''

It is evident that, under the provisions of this law, the relocating and opening are conditions precedent to the right of recovery of damages.    The language is *for all expenses incurred*.    The allegation of the complaint is that the expense of relocating and opening *will be* the sum of thirty thousand dollars.    There is no allegation that there has been a relocating or opening, or even that there will be a relocating or opening.    The statute may not be a good one, but it is certainly a plain one, and is not susceptible of construction.

The complaint does not state a cause of action, and the judgment of the court is, therefore, affirmed.

STILES, HOYT, SCOTT and ANDERS, JJ., concur.